Adam J. Goldberg
Shaun C. Lee
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Thomas Cook Group plc,<br><br>      Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12984 |
| In re<br><br>Thomas Cook Group Treasury Limited,<br><br>      Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12985 |
| In re<br><br>Thomas Cook Finance 2 plc,<br><br>      Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12986 |

**MOTION FOR ORDER, PURSUANT TO BANKRUPTCY RULE 1015(b)**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES**

Peter Fankhauser, as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject in a voluntary scheme of arrangement before the English Court (the "UK Proceedings"), currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "English Court"), submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of the

Debtors' chapter 15 cases for procedural purposes only. In support of this Motion, the Foreign Representative respectfully states as follows:

## BACKGROUND

1. On the date hereof, the Foreign Representative filed voluntary petitions for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for each of the Debtors (collectively, the "Chapter 15 Petitions") commencing cases in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 15 Cases"), as well as a *Verified Petition for Recognition of Foreign Nonmain Proceedings or, in the Alternative, Foreign Main Proceedings, Supplementing "Voluntary Petition," and Motion for Related Relief Pursuant to Sections 105(a), 1507(a), 1509(b)(2)-(3), 1521(a), and 1525(a) of the Bankruptcy Code Giving Full Force and Effect to UK Scheme of Arrangement* (the "Verified Petition"). A description of the Debtors' business and the events leading up to the commencement of the UK Proceedings and these Chapter 15 Cases is included in the *Declaration of Peter Fankhauser in Support of Verified Petition for Recognition of Foreign Nonmain Proceedings or, in the Alternative, Foreign Main Proceedings, Supplementing "Voluntary Petition," and Motion for Related Relief Pursuant to Sections 105(a), 1507(a), 1509(b)(2)-(3), 1521(a), and 1525(a) of the Bankruptcy Code Giving Full Force and Effect to UK Scheme of Arrangement* (the "Fankhauser Declaration"), filed concurrently herewith and fully incorporated herein by reference.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference, dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). As set forth in the Verified Petition, venue is proper in this district pursuant to 28 U.S.C. § 1410(1).

3. The statutory bases for the relief requested herein are Sections 101(2) and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

4. The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, (a) directing joint administration of the Debtors' Chapter 15 Cases for procedural purposes only, and (b) granting related relief. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of the jointly-administered Chapter 15 Cases under the case of Thomas Cook Group plc, and that the cases be administered under a consolidated caption, substantially as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Thomas Cook Group plc, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12984 (___)<br><br>Jointly Administered |

---

[1] The Debtors in this and the UK Proceedings, together with the last four digits of each Debtor's company registration number, are as follows: Thomas Cook Group plc (1951); Thomas Cook Finance 2 plc (5715); Thomas Cook Group Treasury Limited (5598). The location of Thomas Cook Group plc's corporate headquarters is 200 Aldersgate, London, EC1A 4HD. The service address for the Debtors is 200 Aldersgate, London, EC1A 4HD.

5. The Foreign Representative also requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' Chapter 15 Cases other than the case of Thomas Cook Group plc:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 15 cases of: Thomas Cook Finance 2 plc; Thomas Cook Group Treasury Limited. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-12984 (___).

6. Further, the Foreign Representative requests that the Court authorize the Debtors to utilize a combined service list for the jointly-administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties in interest as applicable.

**BASIS FOR RELIEF**

7. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules each authorize the Court to grant the relief requested herein.

4

8. In addition, Section 105(a) of the Bankruptcy Code provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

9. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re OIC Run-Off Ltd. and The London and Overseas Insurance Co. Ltd.,* Case No. 15-13054 (SCC) (Bankr. S.D.N.Y. Nov. 19, 2015); *In re OAS S.A.,* Case No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. - Industria e Comercio,* Case No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *In re Bumi Inv. Pte Ltd,* Case No. 14-13296 (MKV) (Bankr. S.D.N.Y. Dec. 30, 2014); *In re Lupatech S.A.,* Case No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014).

10. As set forth in the Peter Fankhauser Declaration, given the integrated nature of the Debtors' operations, joint administration of these Chapter 15 Cases will provide significant administrative convenience to the parties in interest and this Court and its personnel. Many, if not all, of the motions, hearings, and orders that will arise in these Chapter 15 Cases will affect each and every Debtor entity.

11. Moreover, the existence of multi-jurisdictional international proceedings involving the Debtors adds additional complexity to the efficient administration of the Debtors' cases that the relief requested herein will help to ameliorate. The entry of an order directing joint administration of these Chapter 15 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the U.S. Trustee, the Court, and all parties in interest to monitor these Chapter 15 Cases with greater ease and efficiency.

12. In addition, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by joint administration of these Chapter 15 Cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights. All creditors and other parties in interest will retain all their claims or rights against the individual Debtor entities against which they have such claims or as to which they have such rights. Finally, the Debtors submit parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 15 Cases.

13. Accordingly, the Debtors submit the joint administration of these Chapter 15 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## MOTION PRACTICE

14. This Motion includes citations to the applicable rules and statutory provisions upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Foreign Representative submits this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

15. The Foreign Representative requests that the Court grant this Motion without notice to interested parties. The Foreign Representative proposes to notify all interested parties of these Chapter 15 Cases in the method set forth in Foreign Representative's *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice,* which was filed contemporaneously herewith. In light of the nature of the relief requested, the Foreign Representative submits, and requests that this Court hold, that no further notice is required.

## **NO PRIOR REQUEST**

16. The Foreign Representative has not previously sought the relief requested herein from this Court or any other court.

WHEREFORE the Foreign Representative respectfully requests the Court enter the proposed order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) directing joint administration of the Debtors' Chapter 15 Cases, and (ii) granting related relief.

Dated: September 16, 2019
      New York, New York         LATHAM & WATKINS LLP

                                            <u>/s/ Adam J. Goldberg</u>

                                            Adam J. Goldberg
                                            Shaun C. Lee
                                            885 Third Avenue
                                            New York, New York 10022-4834
                                            Telephone: 212-906-1200
                                            Fax: 212-751-4864
                                            Email: adam.goldberg@lw.com
                                                          shaun.lee @lw.com

                                            *Counsel to the Foreign Representative*